1  TODD G. VARE (*Pro Hac Vice* Application Pending)
   *todd.vare@btlaw.com*
2  DONALD E. KNEBEL (*Pro Hac Vice* Application Pending)
   *donald.knebel@btlaw.com*
3  JEFF BARRON (*Pro Hac Vice* Application Pending)
   *jeff.barron@btlaw.com*
4  JENNIFER SCHUSTER (*Pro Hac Vice* Application Pending)
   *jennifer.schuster@btlaw.com*
5  **BARNES AND THORNBURG LLP**
   11 South Meridian Street
6  Indianapolis, Indiana 46204-3535
   Telephone; (317) 236-1313
7  Facsimile: (317) 231-7433

8  YURI MIKULKA (SBN 185926)
   *ymikulka@ztlllp.com*
9  BENJAMIN C. DEMING (SBN 233687)
   *bdeming@ztlllp.com*
10 **ZUBER & TAILLIEU LLP**
   10866 Wilshire Boulevard, Suite 300
11 Los Angeles, California 90024
   Telephone: (310) 807-9700
12 Facsimile: (310) 807-9701

13 Attorneys for Plaintiff Creative Integrated Systems, Inc.

14                **UNITED STATES DISTRICT COURT**

15   **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

16

17                                          CV10-2735 AHM(VBKx)

   CREATIVE INTEGRATED           CASE NO.
18 SYSTEMS, INC.,
                                 **COMPLAINT FOR**
19      Plaintiff,               **INFRINGEMENT OF UNITED**
                                 **STATES PATENT NOS. 5,241,497**
20      v.                       **AND 5,812,461**

21 NINTENDO OF AMERICA, INC.;    **JURY TRIAL DEMANDED**
   NINTENDO CO., LTD.; MACRONIX
22 AMERICA, INC.; and MACRONIX
   INTERNATIONAL CO., LTD.; and
23 DOES 1-10 Inclusive,

24      Defendants.

25

26     Plaintiff Creative Integrated Systems, Inc. ("Creative"), for its Complaint

27 against Defendants Nintendo of America, Inc. ("Nintendo America"), Nintendo Co.,

28 Ltd. ("Nintendo Japan"), Macronix America, Inc. ("Macronix America"), and

0100-9999 : 123300

Macronix International Co., Ltd. ("Macronix Taiwan") (collectively, "Defendants") hereby alleges as follows:

## JURISDICTION AND VENUE

1.     This is a civil action for infringement of United States Patent Nos. 5,241,497 ("the '497 Patent") and 5,812,461 ("the '461 Patent"). This action is based upon the Patent Laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.     This Court has personal jurisdiction over the Defendants because each of the Defendants has conducted business and sells its products in this judicial district and, furthermore, each of the Defendants has committed acts of infringement in this judicial district by using, advertising, marketing, offering for sale, and selling products that infringe the '497 and '461 Patents in this judicial district; contributing to the infringement of the '497 and '461 Patents by others in this judicial district; and/or inducing others to infringe the '497 and '461 Patents in this judicial district.

3.     Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and/or (d), and 28 U.S.C. § 1400(b), because, inter alia, each Defendant is subject to personal jurisdiction in this District. In addition, Defendants Nintendo Japan and Macronix Taiwan, as alien corporations, are deemed to reside in this District under 28 U.S.C. § 1391(d).

## THE PARTIES

4.     Creative is a corporation organized under the laws of the State of California, having a principal place of business in this District at 1700 East Garry Avenue, Suite 112, Santa Ana, California, 92705.

5.     Creative is the owner of and has the right to sue for infringement of the '497 and '461 Patents.

6.     On information and belief, Defendant Nintendo Co., Ltd. ("Nintendo Japan") is a Japanese corporation, having a place of business at 11-1 Kamitoba

Hokotate-cho, Minami-ku, Kyoto, Japan.  Nintendo Japan manufactures, markets, and sells, under the Nintendo label, a variety of video and other electronic games and entertainment systems for, among other things, importation, use, and/or sale into the United States, including this District.

7.    On information and belief, Defendant Nintendo of America, Inc. ("Nintendo America") is a corporation organized under the laws of the State of Washington, having a place of business at 4820 150th Avenue NE, Redmond, Washington, 98052.  Nintendo America is a wholly-owned subsidiary of Nintendo Japan.  Nintendo America distributes, markets, and sells, under the Nintendo label, a variety of video and other electronic games and entertainment systems.

8.    On information and belief, Defendant Macronix International Co., Ltd. ("Macronix Taiwan") is a Taiwanese corporation, having a place of business at No. 16, Li-Hsin Rd., Hsinchu Science Park, Hsinchu, Taiwan.  Macronix Taiwan manufactures, markets, and sells, under the Macronix label, a variety of semiconductor chips for, among other things, importation, use, and/or sale into the United States, including this District.

9.    On information and belief, Defendant Macronix America, Inc. ("Macronix America") is a corporation organized under the laws of the State of California, having a place of business at 680 N. McCarthy Blvd., Milpitas, California, 95035.  Macronix America is a wholly-owned subsidiary of Macronix Taiwan.  Macronix America distributes, markets, and sells Macronix-labeled semiconductor chips in the United States and in this District.

## BACKGROUND

10.    On August 31, 1993, the '497 Patent, entitled "VLSI Memory with Increased Memory Access Speed, Increased Memory Cell Density and Decreased Parasitic Capacitance" was duly and legally issued to Creative as assignee.  The named inventor of the '497 Patent is Mr. Komarek.  A copy of the '497 Patent is attached hereto as Exhibit A.

11.     On September 22, 1998, the '461 Patent, entitled "Driver Circuit for Addressing Core Memory and a Method for the Same," was duly and legally issued to Creative as assignee.  The named inventors on the '461 Patent are Mr. Komarek, Clarence W. Padgett, Robert D. Amneus, and Scott B. Tanner.  A copy of the '461 Patent is attached hereto as Exhibit B.

12.     In October 1988, James A. Komarek and Shiro Fujioka d/b/a California Integrated Systems entered into a development and license agreement with Ricoh Company, Ltd. ("Ricoh"), a Japanese Corporation, pursuant to which Mr. Komarek was to design and develop various Read-Only-Memory (ROM) designs having, among other things, fast memory access speed, high memory cell density, and reduced parasitic capacitance.  Mr. Komarek subsequently formed Creative Integrated Systems, Inc. (the plaintiff in this action and the assignee/owner of the '497 and '461 Patents).  Mr. Komarek conceived the inventions claimed in the '497 Patent and, along with the other named inventors, the inventions claimed in the '461 Patent during this ROM design work.

13.     Beginning in mid- to late 1990, ROM chips incorporating the inventions of the '497 and '461 Patents were made by Ricoh and, upon information and belief, sold to Nintendo Japan for use in Nintendo Japan's products for importation, use, and/or sale in the United States.  Creative received royalty payments for such ROM chip sales made by Ricoh for Nintendo Japan through 1998, at which time Nintendo Japan ceased purchasing ROM chips made by Ricoh pursuant to its agreement with Creative.

14.     Upon information and belief, Macronix Taiwan has made, used, offered for sale, or sold ROM chips incorporating the inventions of the '497 and '461 Patents, without authority, which are imported into the United States to its wholly owned subsidiary, Macronix America, for sale or offer for sale in the United States.

15.     Upon information and belief, Macronix Taiwan has sold to and continues to sell to Nintendo Japan, and Nintendo Japan has purchased and

1  continues to purchase from Macronix Taiwan, ROM chips incorporating the
2  inventions of the '497 and '461 Patents for use in Nintendo brand products that are
3  imported, used, and/or sold without authority in the United States, including
4  Nintendo brand products distributed to Nintendo America for sale in the United
5  States and/or directly sold by Nintendo America in the United States.

6  　　　　16.　　Upon information and belief, the infringing Macronix ROM devices
7  used by Nintendo Japan and Nintendo America include but are not limited to the
8  Macronix MX23L4005 ROM device, incorporated in Nintendo Wii game consoles,
9  and the Macronix MX23L51208 ROM device, incorporated in Nintendo DS game
10  cartridges.

11  　　　　17.　　Upon information and belief, Nintendo brand products incorporating
12  Macronix-manufactured ROM devices and embodying the invention claimed in the
13  '497 and '461 Patents have been and are currently being used, offered for sale, or
14  sold in the United States without authority by Nintendo America.

15  　　　　18.　　Upon information and belief, Macronix brand ROM chips embodying
16  the invention claimed in the '497 and '461 Patents were made, used, offered for
17  sale, sold and/or imported into the United States without authority.

18  　　　　19.　　Each of the Defendants knew or should have known their actions would
19  constitute actual infringement or would induce or contribute to actual infringement.

20  　　　　20.　　Each of the Defendants had actual knowledge, or should have known,
21  of the '497 and '461 Patents at the time they were committing the infringing
22  activities or inducing or contributing to the infringement, and consequently have
23  acted in an objectively reckless manner in disregard of the '497 and '461 Patents
24  such that these actions constitute willful infringement.

25
26
27
28

# FIRST CLAIM FOR RELIEF

## (INFRINGEMENT OF U.S. PATENT NO. 5,241,497 AGAINST ALL DEFENDANTS)

21.     Paragraphs 1 through 20 are incorporated by reference as if restated fully herein.

22.     Each of the Defendants has infringed and is infringing at least one claim of the '497 Patent by making, using, offering for sale, selling, and/or importing into the United States, without authority, products embodying the invention claimed in the '497 Patent.

23.     The infringing products include Macronix MX23L512 ROM devices as well as Macronix MX23L4005 ROM devices incorporated in Nintendo Wii game consoles and Macronix MX23L51208 ROM devices incorporated in Nintendo DS game cartridges.

24.     Upon information and belief, Nintendo America directly infringes at least one claim of the '497 Patent by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States, without authority, Macronix MX23L4005 ROM devices incorporated in Nintendo Wii game consoles and Macronix MX23L51208 ROM devices incorporated in Nintendo DS game cartridges.

25.     Upon information and belief, Nintendo Japan is actively inducing or contributing to the direct infringement by other persons, including Nintendo America.  Nintendo Japan had actual knowledge, or had reason to know, of the '497 Patent, at the time of the infringing acts, and further knew and intended that infringing products including Macronix MX23L4005 ROM devices incorporated in Nintendo Wii game consoles and Macronix MX23L51208 ROM devices incorporated in Nintendo DS game cartridges were being used, sold, or offered for sale in, or imported into, the United States by its wholly owned subsidiary, Nintendo America, without authority.

26.     Upon information and belief, Macronix America directly infringes at least one claim of the '497 Patent by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States, without authority, ROM devices including but not limited to Macronix MX23L512 ROM devices.

27.     Upon information and belief, Macronix Taiwan is actively inducing or contributing to the direct infringement by other persons, including Nintendo America and Macronix America.  Macronix Taiwan had actual knowledge, or had reason to know, of the '497 Patent, at the time of the infringing acts, and further knew and intended that infringing products including Macronix MX23L4005 ROM devices and Macronix MX23L51208 ROM devices were being used, sold, or offered for sale in, or imported into, the United States without authority—including but not limited to MX23L512 ROM devices being sold or offered for sale by Macronix America in the United States and the Macronix MX23L4005 ROM devices incorporated in Nintendo Wii game consoles and Macronix MX23L51208 ROM devices incorporated in Nintendo DS game cartridges being sold or offered for sale by Nintendo America in the United States.

28.     Upon information and belief, each of the Defendants are actively inducing or contributing to the infringement of the '497 Patent by other persons – specifically, customers, vendors, and partners of Defendants – who make, sell, distribute or import into the United States the devices that embody or otherwise practice one or more of the claims of the '497 Patent.  Each of these customers, vendors and partners of Defendants knew or had reason to know that the products incorporating the patented technology would be sold, distributed, or imported into the United States.

29.     Each of the Defendants knew or had reason to know of the '497 Patent at the time of the infringing acts, and further knew and intended that infringing products including Macronix MX23L4005 ROM devices incorporated in Nintendo Wii game consoles and Macronix MX23L51208 ROM devices incorporated in

1  Nintendo DS game cartridges were being used, sold, or offered for sale in or

2  imported into the United States without authority.

3       30.    Creative has been and continues to be damaged by Defendants'

4  infringement of the '497 Patent.

5       31.    Defendants' infringement of the '497 Patent has been and continues to

6  be willful.

7       32.    As a direct and proximate result of Defendants' infringement of the

8  '497 Patent, Creative has been and continues to be damaged in an amount yet to be

9  determined.

10  **SECOND CLAIM FOR RELIEF**

11  **(INFRINGEMENT OF U.S. PATENT NO. 5,812,461**
    **AGAINST ALL DEFENDANTS)**

12

13       33.    Paragraphs 1 through 32 are incorporated by reference as if restated

  fully herein.

14       34.    Each of the Defendants has infringed and is infringing at least one

15  claim of the '461 Patent by making, using, offering for sale, selling, and/or

16  importing into the United States, without authority, products embodying the

17  invention claimed in the '461 Patent.

18       35.    The infringing products include Macronix MX23L512 ROM devices as

19  well as Macronix MX23L4005 ROM devices incorporated in Nintendo Wii game

20  consoles and Macronix MX23L51208 ROM devices incorporated in Nintendo DS

21  game cartridges.

22       36.    Upon information and belief, Nintendo America directly infringes at

23  least one claim of the '461 Patent by making, using, offering for sale, and/or selling

24  in the United States, and/or importing into the United States, without authority,

25  Macronix MX23L4005 ROM devices incorporated in Nintendo Wii game consoles

26  and Macronix MX23L51208 ROM devices incorporated in Nintendo DS game

27  cartridges.

28

37.     Upon information and belief, Nintendo Japan is actively inducing or contributing to the direct infringement by other persons, including Nintendo America.  Nintendo Japan had actual knowledge, or had reason to know, of the '461 Patent, at the time of the infringing acts, and further knew and intended that infringing products including Macronix MX23L4005 ROM devices incorporated in Nintendo Wii game consoles and Macronix MX23L51208 ROM devices incorporated in Nintendo DS game cartridges were being used, sold, or offered for sale in, or imported into, the United States by its wholly owned subsidiary, Nintendo America, without authority.

38.     Upon information and belief, Macronix America directly infringes at least one claim of the '461 Patent by making, using, offering for sale, and/or selling in the United States, and/or importing into the United States, without authority, ROM devices including but not limited to Macronix MX23L512 ROM devices.

39.     Upon information and belief, Macronix Taiwan is actively inducing or contributing to the direct infringement by other persons, including Nintendo America and Macronix America.  Macronix Taiwan had actual knowledge, or had reason to know, of the '461 Patent, at the time of the infringing acts, and further knew and intended that infringing products including Macronix MX23L4005 ROM devices and Macronix MX23L51208 ROM devices were being used, sold, or offered for sale in, or imported into, the United States without authority—including but not limited to MX23L512 ROM devices being sold or offered for sale by Macronix America in the United States and the Macronix MX23L4005 ROM devices incorporated in Nintendo Wii game consoles and Macronix MX23L51208 ROM devices incorporated in Nintendo DS game cartridges being sold or offered for sale by Nintendo America in the United States.

40.     On information and belief, each of the Defendants also are actively inducing or contributing to the infringement of the '461 Patent by other persons – specifically, customers, vendors and partners of Defendants – who make, sell,

1  distribute or import into the United States the devices that embody or otherwise

2  practice one or more of the claims of the '461 Patent.  Each of these customers,

3  vendors and partners of Defendants knew or had reason to know that the products

4  incorporating the patented technology would be sold, distributed, or imported into

5  the United States.

6       41.    Each of the Defendants knew or had reason to know of the '461 Patent

7  at the time of the infringing acts, and further knew and intended that infringing

8  products including Macronix MX23L4005 ROM devices incorporated in Nintendo

9  Wii game consoles and Macronix MX23L51208 ROM devices incorporated in

10  Nintendo DS game cartridges were being used, sold, or offered for sale in or

11  imported into the United States without authority.

12       42.    Creative has been and continues to be damaged by Defendants'

13  infringements of the '461 Patent.

14       43.    Defendants' infringement of the '461 Patent has been and continues to

15  be willful.

16       44.    As a direct and proximate result of Defendants' infringement of the

17  '461 Patent, Creative has been and continues to be damaged in an amount yet to be

18  determined.

19               **PRAYER FOR RELIEF**

20       WHEREFORE, Creative prays for relief and judgment as follows:

21       A.    That each Defendant directly, contributorily, and/or through

22  inducement infringed and continues to infringe the '497 and '461 Patents;

23       B.    That Defendants' infringement of the '497 and '461 Patents has been,

24  and continues to be, willful;

25       C.    That Creative be awarded all damages adequate to compensate it for the

26  infringements by each Defendant, such damages to be determined by a jury and, if

27  necessary to adequately compensate Creative for the infringement, an accounting of

28  all damages, and that all awarded damages be trebled pursuant to 35 U.S.C. § 284;

1        D.   That Creative be awarded pre-judgment and post-judgment interest

2   pursuant to 35 U.S.C. § 284;

3        E.   That this case be declared an exceptional case within the meaning of 35

4   U.S.C. § 285 and that Creative be awarded the attorneys' fees, costs, and expenses

5   incurred in prosecuting this action; and

6        F.   That Creative be awarded such other and further relief as this Court

7   deems just and proper.

8

9   Dated: April 14, 2010               Respectfully submitted:

10                                **BARNES AND THORNBURG LLP**

11                                TODD G. VARE

12

13

14                   By: _____

                              Attorneys for Plaintiff Creative Integrated

15                                Systems, Inc.

16

17  Dated: April 14, 2010               **ZUBER & TAILLIEU LLP**

18                                YURI MIKULKA

19                                BENJAMIN C. DEMING

20

21                   By: _____

22                                Attorneys for Plaintiff Creative Integrated

23                                Systems, Inc.

24

25

26

27

28

                                              11

1

## JURY DEMAND

2      Creative respectfully demands a jury trial on all issues and claims so triable.

3
Dated: April 14, 2010                    Respectfully submitted:
4

5                                        **BARNES AND THORNBURG LLP**
                                         TODD G. VARE
6

7

8                                  By: _____
9                                        Attorneys for Plaintiff Creative Integrated
                                         Systems, Inc.
10

11
Dated: April 14, 2010                    **ZUBER & TAILLIEU LLP**
12
                                         YURI MIKULKA
13                                       BENJAMIN C. DEMING
14

15

16                                 By: _____
                                         Attorneys for Plaintiff Creative Integrated
17                                       Systems, Inc.
18

19

20

21

22

23

24

25

26

27

28

0100-9999 / 123300
                                         12
                                       COMPLAINT