TODD G. VARE (Admitted *Pro Hac Vice*)
  todd.vare@btlaw.com
DONALD E. KNEBEL (Admitted *Pro Hac Vice*)
  donald.knebel@btlaw.com
JEFF BARRON (Admitted *Pro Hac Vice*)
  jeff.barron@btlaw.com
C. JOHN BROWN (Admitted *Pro Hac Vice*)
  cjbrown@btlaw.com
JENNIFER SCHUSTER (Admitted *Pro Hac Vice*)
  jennifer.schuster@btlaw.com
**BARNES AND THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone; (317) 236-1313
Facsimile: (317) 231-7433

YURI MIKULKA (SBN 185926)
  ymikulka@ztllp.com
BENJAMIN C. DEMING (SBN 233687)
  bdeming@ztllp.com
**ZUBER & TAILLIEU LLP**
10866 Wilshire Boulevard, Suite 300
Los Angeles, California  90024
Telephone: (310) 807-9700
Facsimile: (310) 807-9701

Attorneys for Plaintiff Creative Integrated Systems, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CREATIVE INTEGRATED SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NINTENDO OF AMERICA, INC.; NINTENDO CO., LTD.; MACRONIX AMERICA, INC.; and MACRONIX INTERNATIONAL CO., LTD.; and DOES 1-10 Inclusive, <br><br> Defendants. | CASE NO. CV10-2735 AHM (VBKx) <br><br> **NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT; DECLARATION OF C. JOHN BROWN** <br><br> Date:  February 14, 2011 <br> Time:  10:00 a.m. <br><br> [Hon. Victor B. Kenton] |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT ON February 14, 2010 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable A. Howard Martz, United States District Judge, in Courtroom 14 of the United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, Plaintiff Creative Integrated Systems will move, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for an order granting leave to file a Third Amended Complaint in this action.

This Motion is based on this Notice, the Attached Memorandum of Points and Authorities, the Declaration of C. John Brown and exhibits, and on the pleadings and records on file in this action and on such other and further evidence and oral or written argument as may be considered by the Court.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 30, 2010. *See* Declaration of C. John Brown, ¶8.

Dated: January 12, 2011                   Respectfully submitted:

                                        **BARNES AND THORNBURG LLP**
                                        TODD G. VARE

                          By:    */s/ Todd G. Vare*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Plaintiff Creative Integrated Systems, Inc. ("Creative") respectfully requests that the Court grant it leave to file its Third Amended Complaint, a copy of which is attached hereto as Exhibit 1, and a red-lined copy of which is attached hereto as Exhibit 2. Creative's proposed Third Amended Complaint: (a) pleads additional and more factually specific claims of indirect infringement against Nintendo Co., Ltd. ("Nintendo Japan") and Nintendo of America, Inc. ("Nintendo America") (collectively, "Nintendo") under 35 U.S.C. § 271(b); (b) identifies, for factual completeness, two additional Nintendo game products (the Nintendo DSi and the Nintendo DS XL) that use the infringing Nintendo DS game cartridges; and (c) corrects a factual error (an incorrect date).

The proposed amendment does not unduly prejudice Nintendo Japan or Nintendo America. At Nintendo's urging, this Court adopted a phased discovery plan that focused on Nintendo's affirmative defenses of patent marking, laches, and estoppel. (Dkt. #55) The issue of infringement—whether direct or indirect—has not yet been presented in the case. Discovery and motion practice related to infringement issues are on hold pending the Court's ruling on Nintendo's anticipated motion for partial summary judgment on the affirmative defenses of patent marking, laches and estoppel. Additionally, Creative provided a draft of the Third Amended Complaint to Defendants' counsel more than a month ago, on November 30, 2010, before any depositions had occurred on even the limited matters subject to the Court's phased discovery plan.[1]

---

[1] As discussed below, Defendants did not advise Creative that they would oppose the filing of the Third Amended Complaint until January 6, 2011.

Because of the longstanding policy of permissive amendment of pleadings that has developed and the Ninth Circuit's application of this policy, Creative respectfully requests that the Court permit the proposed amendment in accordance with Rule 15 of the Federal Rules of Civil Procedure.

## II.   STATEMENT OF FACTS

### A.   FACTUAL AND PROCEDURAL BACKGROUND

Creative filed this case against the defendants on April 14, 2010. In its original Complaint, Creative asserted claims of direct and indirect infringement of the Patents-in-Suit against Nintendo Japan, Nintendo America, Macronix International Co., Ltd. ("Macronix Japan") and Macronix America, Inc. ("Macronix America") (Dkt. #1, ¶ 28). On August 4, 2010, this Court granted a stipulation of the parties allowing Creative to file a First Amended Complaint (Dkt. #37), and Creative timely filed its First Amended Complaint on August 6, 2010 (Dkt. #38). Creative's First Amended Complaint also contained allegations of indirect infringement against Nintendo Japan, Nintendo America, Macronix Japan and Macronix America (Dkt. #38, ¶ 37).

Shortly thereafter, on August 18, 2010, Nintendo Japan and Nintendo America and Macronix America filed respective motions to dismiss Plaintiff's First Amended Complaint due to an alleged failure to plead facts sufficient to support its claims of indirect infringement (Dkt. #40, 41). In response, Plaintiff filed oppositions thereto (Dkt. #45, 46). Counsel for the parties held meet-and-confer discussions, which led to the filing of a joint stipulation on September 1, 2010, requesting the Court to allow Creative to file its Second Amended Complaint (Dkt. #47). This Court granted the joint stipulation, rendering moot Defendants' motions to dismiss and Plaintiff's oppositions thereto (Dkt. #48). Plaintiff filed its Second Amended Complaint on September 3, 2010 (Dkt. #49), wherein it removed its claims of indirect infringement against Nintendo Japan and Nintendo America

relating to direct infringement by end consumers of its products.  However, at no time did Creative ever waive the allegations of indirect infringement or dismiss any claim with prejudice.

On September 20, 2010, this Court ordered a phased discovery plan that limited discovery to the affirmative defenses of laches, estoppel, and marking.  This plan, which was requested by Defendants' counsel, requires that merits-based discovery occur only after the initial phased discovery period.  The Court's phased discovery plan sets a deadline for motions on summary judgment relating to those defenses of no later than January 24, 2011 (See Dkt. #56).  This time has not yet expired and merits-based discovery has not yet started in the lawsuit.

Creative now seeks to add narrowed and factually specific allegations of indirect infringement through its Third Amended Complaint (Ex. 1, ¶¶ 24, 39).  On November 30, 2010, Plaintiff Creative provided a draft of its Third Amended Complaint to defendants' counsel to review and make a determination whether they would oppose this motion to amend (*see* Ex. 3, Email from T. Vare to D. O'Connor attaching redlined Third Amended Complaint).[2]

The first depositions in the case occurred on December 1 and 2, 2010.  These depositions were limited to Defendants' affirmative defenses of laches, estoppel, and marking.  Defendants made further document productions on December 7 and January 10, 2011.  (Ex. 4, production letter dated December 7, 2010; Ex. 6, production email, received 2:36 a.m. EST on January 11, 2011).  An additional party deposition was taken, by agreement of the parties, on January 11, 2011.

---

[2] The proposed Third Amended Complaint attached to this Motion is identical in all material respects to the draft Third Amended Complaint provided on November 30, 2010; however, there have been minor typographic corrections and a citation to unneeded exhibits has been removed.

Creative asked Defendants whether they would consent to or oppose entry of the Third Amended Complaint several times between November 30 and the filing of this motion. Defendants did not provide their position. A full month after Creative provided Defendants a copy of the proposed Third Amended Complaint, on December 30, 2010, Creative again raised the issue during a meet-and-confer on unrelated discovery issues. Nintendo indicated that it was still considering whether it would oppose this motion and requested any case law supporting Creative's position. Creative sent correspondence to Nintendo's counsel on January 4, 2011, providing relevant case law (*see* Ex. 5, Email from J. Barron to J. Pak, dated January 4, 2011). On January 6, 2011, Nintendo finally indicated that it would oppose this present motion to amend in a telephone call.

Although the close of the first stage of discovery regarding defendants' affirmative defenses was January 10, 2011, the second stage of discovery addressing infringement (among other things) has not yet even begun. Moreover, discovery regarding the limited affirmative defenses is still ongoing by party agreement and no summary judgment motions have been filed. The Court also has not yet set a deadline by which the pleadings must be amended, and is not expected to do so until a scheduling conference, currently set for January 31, 2011.

## III. LEAVE TO AMEND SHOULD BE LIBERALLY GRANTED

Under Federal Rule 15(a)(2), leave to amend should be liberally granted and "freely given when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). The Court of Appeals for the Ninth Circuit provided further clarification when it stated that "[t]his policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1051 (9th Cir. 2003) (quotation omitted). "This liberality in

granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton et al.*, 833 F.2d 183, 186 (9th Cir. 1987).

The Supreme Court has enumerated several factors for district courts to consider when deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Foman* factors).

### A. There Is No Prejudice To Defendants

"Prejudice is the 'touchstone of the inquiry under rule 15(a).'" *Id.* (*citing Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)(stating that "the crucial factor is the resulting prejudice to the opposing party")). During the meet-and-confer between Creative and defendants described *supra*, counsel for Nintendo stated that adding additional claims may prejudice Nintendo by affecting its affirmative defenses for which a limited discovery period was set to close on January 10, 2011. Under similar facts, the District Court for the Southern District of California recently granted a motion to file an amended complaint finding that the addition of factually-related claims would not require any extension of the discovery schedule. *Illinois Tool Works v. MOC Products Co., Inc.*, 2010 WL 4314296 (S.D. Cal. 2010). Indeed, the present case for amendment is stronger. Defendants in this

case have been on notice of the Third Amended Complaint's allegations since November 30, 2010, prior to any depositions in the lawsuit.[3]

Moreover, in the present case, the narrowed set of indirect infringement claims that Creative seeks to reintroduce would not require additional discovery regarding affirmative defenses. The extremely liberal policy of allowing a party to amend its complaint exists regardless of whether claims are added. *See*, *e.g.*, *DCD Programs, Ltd. v. Leighton et al.*, 833 F.2d 183, 186 (9th Cir. 1987) (finding no undue prejudice to defendants and allowing plaintiff to amend its complaint to add additional claims and parties). Because there is no prejudice to defendants in allowing Creative to amend its complaint, as described in greater detail below, amendment should be allowed.

Indeed, broader allegations of indirect infringement than those presented in the proposed Third Amended Complaint were alleged by Creative against Nintendo in both its original Complaint and in its First Amended Complaint. Nintendo America and Nintendo Japan cannot now act as if they are blind-sided by these "new" allegations. Furthermore, defendants requested of this Court, and were granted, the limitation of discovery to include only that relating to the affirmative defenses of laches, estoppel and marking. After receiving benefit of such a limited scope of discovery, defendants cannot now suggest that amendment of Creative's infringement claims would cause them undue prejudice relating to discovery. The parties have not even begun conducting discovery regarding invalidity or infringement (either direct or indirect). The addition of indirect infringement claims does not the affect the discovery that has already been conducted in the case, nor does it unduly prejudice the Defendants in any way regarding future discovery.

---

[3] The additional five weeks, from November 30, 2010 until January 6, 2011, which Nintendo took to consider whether it would oppose this motion, should not count against Creative.

Notably, the depositions that defendants took of Creative's officers after they received a copy of the Third Amended Complaint were with notice of the Third Amended Complaint's allegations and were restricted to facts relating to Nintendo's affirmative defenses of patent marking, laches, and estoppel. Nintendo is not prevented from deposing Creative's officers on the question of infringement at some later date consistent with the Court's scheduling plan to be implemented following a ruling on Nintendo's affirmative defenses. For all of these reasons, Nintendo cannot make the required showing of undue prejudice.

### B. The Other *Foman* Factors Favor Granting Leave To Amend

"Absent undue prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, *supra*, 316 F.3d at 1052 (emphasis in original) (*citing Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997). In the present case, the lack of either prejudice or any of the other factors, including the interests of justice, should afford Creative the opportunity to amend and have its claims adjudicated on the merits.

While a delay in making a motion should be weighed as a factor in deciding whether or not to grant the motion, the delay by itself will not be reason to deny the motion. *U.S. v. Continental Ill. Nat. Bank and Trust*, 889 F.2d 1248, 1254 (2d Cir. 1989). Nevertheless, in the present case, Creative has sought to accelerate the disposition of the case rather than to delay it. After the Defendants alleged insufficiencies in Plaintiff's Complaints, counsel for Creative met and conferred with Defendants' counsel and attempted to resolve the issues. In addition, rather than attempting to delay, Creative sought to conduct all discovery relevant to its claims, while the defendants requested, and were granted, the bifurcation of discovery into two phases. Creative presented the draft Third Amended Complaint to defendants before its officers were deposed on the limited defenses at issue and

before defendants had even completed their document productions under the initial period of the phased discovery plan. Therefore, no undue delay is present to consider in granting Creative's motion to amend and that *Foman* factor should not weigh for or against either side.

Creative worked diligently to avoid delays during the time from the filing of its first complaint on April 14, 2010 until it presented its draft Third Amended Complaint to the defendants for consideration, a time of less than eight months. Furthermore, the short delay since Creative's filing of its Second Amended Complaint until it provided the draft Third Amended Complaint, a time of only about three months, should not be considered "undue" by any standard[4]. *See Middle Atlantic Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380 (2d Cir. 1968) (holding that a three-year delay from filing the initial complaint was an inadequate basis for denying a motion to amend a complaint when there was no showing of bad faith on the part of the plaintiff or prejudice to the defendant).

Finally, the defendants can make no showing of any bad faith or dilatory motive on the part of Creative in making the proposed amendment, nor any repeated failures to cure deficiencies or futility of amendment. Creative merely seeks to reintroduce the claims of induced infringement that it had originally asserted against Nintendo Japan and Nintendo America. As the Supreme Court expressed in *Foman*, Creative should be allowed to test its claims of indirect infringement on the merits and not be unfairly limited by procedural imperfection. *Foman*, *supra*, 371 U.S. at 182.

Creative should be allowed to try its case on the merits as factually supported. *See Foman*, *supra*, 371 U.S. at 182 (the underlying premise behind the liberal

---

[4] The additional five weeks, from November 30, 2010 until January 6, 2011, which Nintendo took to consider whether it would oppose this motion should not count against Creative.

construction of Rule 15 is to afford a plaintiff "an opportunity to test his claims on the merits" rather than to lose merely on a procedural imperfection). Because there is no undue prejudice, undue delay, bad faith, or dilatory motive on the part of Plaintiff, no repeated failures to cure deficiencies, and no futility of amendment, leave to amend should be freely and liberally given as Rule 15 requires.

## IV. CREATIVE SHOULD BE ALLOWED TO AMEND ITS COMPLAINT TO PROVIDE FACTUAL COMPLETENESS AND CORRECT A FACTUAL ERROR

Creative seeks to amend its complaint to provide factual completeness regarding two additional Nintendo DS game products that use the infringing Nintendo DS game cartridges. (Ex. 1, ¶ 21). The Nintendo DSi and Nintendo DS XL electronic game devices, as advertised by Nintendo, use the infringing Nintendo DS games cartridges. In addition, Nintendo's discovery responses identified these DS game devices as compatible with the infringing Nintendo DS game cartridges. While Creative does not believe that it has a duty to list all infringing products at this early stage of discovery, it does wish to make Nintendo aware as early as possible of the specific Nintendo game devices that use the infringing Nintendo DS game cartridges.

Creative also seeks to amend its complaint to correct a factual error relating to a date and clarify certain allegations. Specifically, Creative seeks to correct its allegation that Ricoh manufactured ROM chips incorporating the invention of Creative's '497 patent for sale to Nintendo Japan through 1998, because it became clear during the limited discovery period that Ricoh actually only manufactured such ROM chips for sale to Nintendo Japan up to approximately October 1997 (Dkt.#49, ¶ 13; Third Amended Complaint, ¶ 13). Creative has also clarified certain allegations to make clear that they are pled on information and belief, because first-hand knowledge regarding these matters would be in the hands of one or more

defendants and/or nonparties.

During the meet-and-confer regarding discovery disputes, Nintendo stated that it would likely oppose Creative's motion to amend the pleadings because Creative wanted to change this pertinent date in its Complaint. The date that Nintendo stopped buying ROM chips from Ricoh is a fact which Nintendo was in a position to know was inaccurate in the Second Amended Complaint based upon the discovery to date (including production of documents and deposition testimony by Creative). In the interests of justice, Creative should be allowed to amend its complaint to correct this error and provide an accurate representation of the facts it alleges.

## V.   CONCLUSION

For the reasons stated above, Creative respectfully requests that the Court permit amendment of Creative's Complaint in the form of the Third Amended Complaint lodged concurrently herewith as Exhibit 1, and that the Court further order that Plaintiff be allowed to file its Third Amended Complaint in this case.

Dated: January 12, 2011                     Respectfully submitted:

**BARNES AND THORNBURG LLP**
TODD G. VARE


By: _____/s/ Todd G. Vare_____