TODD G. VARE (Admitted *Pro Hac Vice*)
  todd.vare@btlaw.com
DONALD E. KNEBEL (Admitted *Pro Hac Vice*)
  donald.knebel@btlaw.com
JEFF BARRON (Admitted *Pro Hac Vice*)
  jeff.barron@btlaw.com
JENNIFER SCHUSTER (Admitted *Pro Hac Vice*)
  jennifer.schuster@btlaw.com
**BARNES AND THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone; (317) 236-1313
Facsimile: (317) 231-7433        NOTE: CHANGES MADE BY THE COURT

STEPHEN R. MICK (SBN 131569)
smick@btlaw.com
DEVIN STONE (SBN 260326)
dstone@btlaw.com
BARNES & THORNBURG LLP
2049 Century Park East, Suite 3550
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

Attorneys for Plaintiff Creative Integrated Systems, Inc.

*Additional counsel listed on the second page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CREATIVE INTEGRATED SYSTEMS, INC., | CASE NO. 2:10-cv-2735-AHM (VBKx) |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| NINTENDO OF AMERICA INC.; NINTENDO CO., LTD.; MACRONIX AMERICA, INC.; and MACRONIX INTERNATIONAL CO., LTD.; and DOES 1-10 INCLUSIVE, | |
| Defendants. | |

STIPULATED PROTECTIVE ORDER

1

2
Daniel J. O'Connor (Admitted *Pro Hac Vice*)
Edward K. Runyan (Admitted *Pro Hac Vice*)

3
Daniel A. Tallitsch (Admitted *Pro Hac Vice*)

4
**BAKER & McKENZIE, LLP**
130 E. Randolph Street

5
Chicago, IL 60601

6
Telephone: +1 312 861 8000
Facsimile: +1 312 925 7153

7
Daniel.O'Connor@bakermckenzie.com

8
Edward.Runyan@bakermckenzie.com
Daniel.Tallitsch@bakermckenzie.com

9
Howard N. Wisnia (SBN 184626)

10
D. James Pak (SBN 194331)

11
**BAKER & MCKENZIE LLP**
12544 High Bluff Drive, Third Floor

12
San Diego, CA 92130-3051

13
Telephone: +1 858 523 6200
Facsimile: +1 858 259 8290

14
Howard.Wisnia@bakermckenzie.com
D.James.Pak@bakermckenzie.com

15

16
Attorneys for Defendants NINTENDO OF
AMERICA INC.; NINTENDO CO., LTD.;

17
MACRONIX AMERICA, INC.; and

18
MACRONIX INTERNATIONAL CO., LTD.

19

20

21

22

23

24

25

26

27

28

- 1 -

STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c) and this Court's Standing April 22, 2008 Order Re: Protective Orders and Treatment of Confidential information ("Court's Order"), counsel for all parties hereby submit this Stipulated Protective Order.

### STATEMENT OF GOOD CAUSE

This is a patent infringement action.  Discovery and trial of this case will involve the exchange of highly sensitive information.  Such information may include confidential business strategies, financial data, product design and manufacturing details, blueprints, customer lists, confidential research, development, or commercial information, and other information that is not available to the public.  The parties agree that the disclosure of such highly sensitive information to the public may be detrimental to their respective commercial interests.  Therefore, in agreement with the principles laid out in *Foltz v. State Farm Mut. Auto. Ins. Co,* 331 F.3d 1122 (9th Cir. 2003), the parties have agreed to this protective order.

WHEREAS, in connection with the above-captioned matter, certain information, documents and things containing trade secrets (as defined by California Civil Code § 3426.1), and other confidential business or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, may be disclosed by the parties and/or nonparties voluntarily and/or in response to discovery demands;

WHEREAS, it would serve the interests of the parties to conduct discovery relating to this proceeding under a Protective Order pursuant to FRCP Rule 26(c); and

WHEREAS, the parties have agreed to be bound by the terms of this Stipulation and to present the same for entry as an Order of the Court;

IT IS HEREBY STIPULATED TO AND ORDERED AS FOLLOWS:

## INFORMATION SUBJECT TO THIS ORDER

Discovery materials and information produced in this case may be labeled as one of two categories:   CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY, as set forth in Items A-B below.   The two identified categories of information shall be identified collectively in this Order by the title "Protected Information."   Any document derived from or containing "Protected Information" must also be designated with the appropriate category of confidentiality, according to the terms of this Order.  Any discovery materials and information produced in this lawsuit as CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY may be used only for purposes of this litigation.

**A.      Information Designated as "Confidential"**

The term "Confidential Information" as used in this Order shall mean all information or material produced for or disclosed to a Receiving Party that the Producing Party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or court order, considers to constitute or to contain trade secrets or other confidential research and development, technical, sales, marketing, financial, personnel, customer, vendor, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.   Such information may include customer lists, sales records, invoices, price lists, blueprints, circuit diagrams, layouts, source code, block diagrams, process flow diagrams, manufacturing instructions, specifications, standard operating procedures, planning documents, market surveys, competitive intelligence, test methods, or other documents referring to, reflecting, and/or incorporating the foregoing.  The term "trade secret" shall be defined according to the definition in California Civil Code § 3426.1 as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

- 3 -

(1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

1.  Any document or tangible thing containing or including any Confidential Information may be designated as such by the Producing Party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the Receiving Party.

2.  All Confidential Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 1, shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

3.  Except as otherwise provided elsewhere in this protective order and/or in any supplemental protective order entered in this matter, any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute Confidential Attorneys' Eyes Only information and shall be subject to this Order. Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL, or CONFIDENTIAL ATTORNEYS' EYES ONLY.

4.  Documents and information designated CONFIDENTIAL by a Producing Party may be disclosed or provided by a Receiving Party only to:
    a.  The Court;
    b.  Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this action;

- 4 -

c. Outside counsel for the named parties and employees of such counsel to whom it is necessary that the Confidential Information be disclosed for purposes of this litigation;

d. In-house counsel with responsibility for managing or evaluating its participation in this litigation, in-house counsels' support staff (including paralegals, secretaries, and clerks), and up to five (5) non-attorney officers, directors, and employees to whom disclosure is reasonably necessary for this litigation, following identification of each employee or officer to each of the other parties, and provided that (i) prior to disclosure of such discovery material to any such individual, outside litigation counsel for the receiving party first obtains from such individual a signed Undertaking attached here to as Exhibit A, (ii) such outside litigation counsel maintains a copy of such Undertaking and produces a copy of such Undertaking to counsel for each of the other parties within seven (7) calendar days after execution;

e. Independent outside consultants and experts assisting counsel in this litigation, which shall not include Pachira IP, Inc. or Chipworks, Inc., subject to the provisions of paragraphs 18 to 22 below who have executed the Undertaking attached hereto as Exhibit A;

f. Employees of copying, imaging, and computer services for the purpose of copying, imaging, or organizing documents;

g. With respect to a particular document, an individual who is shown on the face of the document to have been an author, addressee, or recipient of that document;

- 5 -

STIPULATED PROTECTIVE ORDER

h.    Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for depositions, trial, or other court proceedings in the action; and

i.    Any other person upon the prior written agreement of the Producing Party (which agreement may be recorded in a deposition or other transcript).

**B.    Information Designated as "Attorneys' Eyes Only"**

5.    The term "Attorneys' Eyes Only" as used in this Order means Confidential Information that the producing party believes in good faith constitutes, contains and/or reflects sensitive information that would not be adequately protected under the procedures set forth herein for Confidential Information designated as "CONFIDENTIAL."   For instance, documents containing competitively sensitive trade secrets, or other confidential or proprietary business and/or personal information, the disclosure of which to other parties or third parties would competitively disadvantage the producing party, may be designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY."   Such information may include customer lists, sales records, invoices, price lists, blueprints, circuit diagrams, layouts, source code, block diagrams, process flow diagrams, manufacturing instructions, specifications, standard operating procedures, planning documents, market surveys, competitive intelligence, test methods, or other documents referring to, reflecting, and/or incorporating the foregoing.

6.    Documents and information designated CONFIDENTIAL ATTORNEYS' EYES ONLY by a Producing Party may be disclosed or provided by a Receiving Party only to:

a.    The Court;

STIPULATED PROTECTIVE ORDER

b.    Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this action;

c.    Outside counsel for the named parties and employees of such counsel to whom it is necessary that the Confidential Attorney's Eyes Only Information be disclosed for purposes of this litigation;

d.    In-house counsel with responsibility for managing or evaluating its participation in this litigation, and in-house counsels' support staff (including paralegals, secretaries, and clerks);

e.    Independent outside consultants and experts assisting counsel in this litigation, which shall not include Pachira IP, Inc. or Chipworks, Inc., subject to the provisions of paragraphs 18 to 22 below, who have executed the Agreement attached hereto as Exhibit A;

f.    Employees of copying, imaging, and computer services for the purpose of copying, imaging, or organizing documents;

g.    With respect to a particular document, an individual who is shown on the face of the document to have been an author, addressee or recipient of that document;

h.    Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for depositions, trial, or other court proceedings in the action; and

i.    Any other person upon the prior written agreement of the party or non-party who designated the Confidential Information as "Attorneys' Eyes Only" (which agreement may be recorded in a deposition or other transcript).

STIPULATED PROTECTIVE ORDER

7.    Defendants' documents and information designated "Confidential Information - Attorneys' Eyes Only" shall not used in any way in the course of (i) prosecuting patent applications for any party or (ii) counseling any party with respect to the prosecution or scope of patent applications related to the subject matter of this litigation by the counsel, consultants and/or experts for the plaintiff.

**CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

8.    The parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated.  Unless prompt challenge is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

9.    A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached, the Receiving Party will bear the burden of requesting that the Court cancel or modify a designation.  The burden of demonstrating the

STIPULATED PROTECTIVE ORDER

confidential nature of any information shall at all times be and remain on the designating party.

10. Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

**LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

11. All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only as allowed by the terms of this protective order in connection with the prosecution or defense of claims in this action and any appeals arising from this action, shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be disclosed to any person who is not entitled to receive such information.

12. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

   a.  A present or former director, officer, employee of a Producing Party, may be examined and may testify at deposition concerning all Protected Information which has been produced by that party and either (1) identifies on its face the director, officer and/or employee as an author or recipient, (2) concerns a subject matter of which the director, officer and/or employee has knowledge or (3) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify.

   b.  Non-parties may be examined or testify at deposition concerning any document containing Protected Information of a Producing

- 9 -

Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party, but may not retain originals or copies of such Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections.  Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to examination, the Producing Party shall request that the attorney provide a signed undertaking, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.   In the event that such attorney declines to sign such an undertaking, the parties, by their attorneys, shall jointly seek a protective order from the Court, prohibiting the attorney from disclosing Protected Information.

13. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs and other documents submitted to the Court that have been designated as Protected Information or which contain information so designated, shall be submitted for filing under seal in a manner prescribed by the Court for such filings.

STIPULATED PROTECTIVE ORDER

14.   Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.   No material or copies thereof so filed shall be released to outside counsel of record except by order of the Court or as otherwise provided for hereunder.

15.   Protected Information shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court.   Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order.   Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine readable form for incorporation into a data-retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

16.   At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY by the reporter.   This request may be made orally during the deposition or in writing within twenty-one (21) days of receipt of the final certified transcript.   Deposition   transcripts   shall   be   treated   as   CONFIDENTIAL

- 11 -

ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

17.  Where Protected Information is to be used at trial by a party other than the Designating Party, the Designating Party must be notified at least 10 days before trial, so that the Designating Party may seek further court orders to ensure that its Protected Information remains confidential.

## DISCLOSURE OF OUTSIDE CONSULTANTS AND EXPERTS

18.  Information designated as Protected Information by a Producing Party may be furnished and disclosed to independent outside consultants and experts (i.e., consultants and experts who are not employed by the Receiving Party) who have been retained by the Receiving Party to assist in maintaining, defending, or evaluating this litigation.

19.  No disclosure of a Producing Party's Protected Information to a Receiving Party's outside consultant or expert shall occur until that person has completed and signed the undertaking attached as Attachment A, until a signed copy of the undertaking has been provided to the Producing Party, and until any objection made by the Producing Party has been resolved, or until the period set forth below for making such objection has expired if no such objection has been made.

20.  A Receiving Party wishing to disclose a Producing Party's Protected Information to an outside consultant or expert shall give prior written notice to the Producing Party, who shall have seven (7) business days after such notice is given to object in writing.  The notice provided to the Producing Party shall include a completed and signed copy of the undertaking attached as Attachment A, the name, address, curriculum

- 12 -

vitae, current employer, and employment (including consulting) history for the past four (4) years, a listing of cases in which the outside consultant or expert has testified at trial or by deposition within the preceding four (4) years, and a listing of all past, present, or planned relationships or engagements between the proposed consultant or expert and any party or known competitor of a party. The Producing Party's Protected Information shall not be disclosed to the outside consultant or expert prior to the expiration of the seven (7) business day notice period.

21. A Producing Party objecting to the disclosure of its Protected Information to a Receiving Party's outside consultant or expert shall state with particularity the ground(s) of the objection. The Producing Party's consent to the disclosure of its Protected Information to an outside consultant or expert shall not be unreasonably withheld.

22. If despite the Producing Party's objection, the Receiving Party refuses to withdraw its outside consultant or expert, the Receiving Party must provide notice to the Producing Party. The Producing Party shall then have seven (7) business days following the giving of such notice in which to move the Court for a ruling on the Producing Party's objection. If no such motion is made within the seven (7) day period, the Producing Party shall be deemed to have waived its right to seek a ruling on the Producing Party's objection and disclosure of Protected Information to the outside expert or consultant may be made. In the event such a motion is made, the Receiving Party shall not disclose the Producing Party's Protected Information to the outside consultant or expert until the Court resolves the objection.

STIPULATED PROTECTIVE ORDER

## **NONPARTY USE OF THIS PROTECTIVE ORDER**

23.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

24.     A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## **NO WAIVER OF PRIVILEGE**

25.     Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.   If information subject to a claim of attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any such privilege, doctrine, right or immunity.   If any party inadvertently or unintentionally produces material protected under the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity, any holder of that privilege, right, or immunity may obtain the return of those materials by notifying the recipient(s) promptly after the discovery of the inadvertent or unintentional production and providing a privilege log for the inadvertently or unintentionally produced materials.   The recipient(s) shall gather and return all copies or certify the destruction of the privileged or immune material to the Producing Party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party.   Nothing herein shall prevent the Receiving Party

- 14 -

from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation (based on information independent of the snapped-back content of the allegedly privileged materials in question) by submitting a written challenge to the Court.  Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

26.   Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an outside counsel of record for the party against whom such waiver will be effective.

27.   The restrictions on use of Protected Information set forth in this Protective Order shall not apply to: (a) any information or material which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and (b) any information which a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the producing party's Confidential Information.

28.   Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the two categories of Protected Information at the time of production shall not be deemed a waiver, in whole or in part, of a claim for confidential treatment.  The Producing Party shall notify the receiving parties promptly in writing after the discovery of the error and, with respect to documents, provide replacement pages bearing the appropriate confidentiality legend.  In the event of any unintentional or

- 15 -

inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.   Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

29.   Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the Receiving Party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work-product materials, which contain or refer to any category of Protected Information.   All Protected Information not embodied in physical objects and documents shall remain subject to this Order.   Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.   Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trail briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any

- 16 -

hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY information for archival purposes only.   If a party destroys Protected Information, the destruction must be by means satisfactory to the Producing Party, and the party must provide a Certificate of Destruction to the Producing Party.

30.   If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall within three (3) business days give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents.   If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

31.   This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.   Furthermore, without application to this Court, any party that is a beneficiary of the protection of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

32.   Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

STIPULATED PROTECTIVE ORDER

33.     Subject to the restrictions of paragraph 11-12, nothing in this Protective Order shall bar counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon any Protected Materials in a manner not specifically authorized under this Protective Order.

34.     The United States District Court for the Central District of California, Western Division, is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.   All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Central District of California, Western Division.

35.     No party shall be required to identify on its privilege log any document or communication dated on or after and/or created on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.

STIPULATED PROTECTIVE ORDER

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3    Dated: August 25, 2011          Respectfully submitted:

4

                                     **BARNES AND THORNBURG LLP**

5

6                                    By:___/s/ Todd G. Vare_____
                                       Todd G. Vare
7                                      Attorneys for Plaintiff Creative
                                       Integrated Solutions, Inc.

8    Dated: August 25, 2011          Respectfully submitted:

9

10                                   **BAKER & McKENZIE LLP**

11                                   By:___/s/ *D. James Pak*_____
                                       D. James Pak
12                                     Attorneys for Defendants Nintendo
                                       of America Inc., Nintendo Co., Ltd., Macronix
13                                     America Inc., and Macronix International Co., Ltd.

14

15   **IT IS SO ORDERED. Filing of confidential information is subject to the**

16   **provisions of LR 79-5. This order does not govern trial proceedings, and may be**

17   **amended at ant time by the District Judge.**

18

19   Dated: September 16, 2011     By:_____/s/_____
                                     Honorable Victor B. Kenton
20                                   United States Magistrate Judge

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

## ATTACHMENT A TO STIPULATED PROTECTIVE ORDER

I, _____, declare under penalty of perjury under the laws of the United States and the State of California that the following is true and correct:

1. I reside at _____.

2. My present employer is . _____.

3. My present occupation or job description is _____.

4. I am an inventor, applicant, assignee, and/or involved in the filing or prosecution of the following patents and patent applications (identify by number, country, and subject matter if not published): _____.

5. I have read the Agreed Protective Order dated _____, 2011, and have been engaged as _____ on behalf of _____ in connection with the litigation styled *Creative Integrated Systems v. Nintendo of America, Inc. et al.*

6. I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents designated as CONFIDENTIAL AND/OR CONFIDENTIAL ATTORNEYS' EYES ONLY information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writing prepared by me containing any CONFIDENTIAL AND/OR CONFIDENTIAL ATTORNEYS' EYES ONLY information are to be returned to counsel who provided me with such material or destroyed as directed by such counsel.

7. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me

1    of the terms of said Order.

2        8.    I agree that with the exception of my work on this litigation, I will not

3    consult, advise, or otherwise obtain employment with any competitor of any

4    Producing Party from which I have received or been provided access to Confidential

5    Information in the subject areas of the products or businesses at issue in this

6    litigation without the consent of the Producing Party(ies), which consent shall not be

7    unreasonably withheld.  This obligation expires two years after the final termination

8    of this litigation.

9

10   Dated:_____            _____
                                                            Name
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER