D. James Pak (SBN 194331)
**Baker & McKenzie LLP**
Two Embarcadero Center, 11th floor
San Francisco, California 94111
Telephone: + 1 415 576 3000
Facsimile: +1 202 416 7033
D.James.Pak@bakermckenzie.com

Daniel J. O'Connor (admitted *pro hac vice*)
Edward K. Runyan (admitted *pro hac vice*)
**Baker & McKenzie LLP**
300 E. Randolph Street
Chicago, IL 60601
Telephone: +1 312 861 8000
Facsimile:   +1 312 925 7153
Daniel.O'Connor@bakermckenzie.com
Edward.Runyan@bakermckenzie.com

Attorneys for NINTENDO OF AMERICA INC., NINTENDO CO., LTD., AND MACRONIX INTERNATIONAL CO., LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| CREATIVE INTEGRATED SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NINTENDO OF AMERICA INC.; NINTENDO CO., LTD.; and MACRONIX INTERNATIONAL CO., LTD., <br><br> Defendants. | **Case No. 2:10-CV-2735 PA (VBK)** <br><br> **DEFENDANTS' RESPONSE & OBJECTION TO PLAINTIFF'S MOTION TO ADMIT EXHIBITS 216, 218, & 220** <br><br><br> Trial: March 4, 2014 <br> Courtroom: 15 <br><br> Judge: Hon. Percy Anderson |

# TABLE OF CONTENTS

**Page**

I. EXHIBITS 216, 218, AND 220 ARE INADMISSIBLE UNDER THE BEST EVIDENCE RULE ................................................................................... 1

    A. Plaintiff does not plan to move any originals into evidence, despite their claim that they possess them. ............................................................. 1

    B. Plaintiff was unable to locate the original drawings for several pages of Exhibits 216 and 218 ................................................................. 3

II. MR. KOMAREK DID NOT PROPERLY AUTHENTICATE EXHIBIT 216, 218, OR 220 ..................................................................................................... 5

III. MOST OF EXHIBIT 216 IS IRRELEVANT ....................................................... 6

IV. CONCLUSION ..................................................................................................... 7

Defendants, Nintendo of America Inc., Nintendo Co., Ltd., and Macronix International Co., Ltd. ("Defendants") submit this Response & Objection to Plaintiff's Motion to Admit Exhibits 216, 218 & 220 (Dkt. 490).

Plaintiff attempts to portray Defendants as continuously "changing tactics" as relates to their objections to Plaintiff's Exhibits 216, 218, and 220. To the contrary, Defendants have consistently objected to these exhibits under the Best Evidence Rule, as hearsay, and lacking foundation since the outset of the pretrial process. *See* Dkt. # 468-1 at p. 8 (Exhibit A to the Final Joint Pretrial Exhibit Stipulation, filed February 27, 2014); Dkt. # 358 at p. 8 (Joint Pretrial Exhibit Stipulation, filed January 23, 2014).

## I. EXHIBITS 216, 218, AND 220 ARE INADMISSIBLE UNDER THE BEST EVIDENCE RULE

### A. Plaintiff does not plan to move any originals into evidence, despite their claim that they possess them.

In its motion, Plaintiff Creative Integrated Systems, Inc. ("CIS") seeks to admit Exhibits 216, 218, and 220, photocopies of Mr. Komarek's pencil drawings, into evidence in support of its claimed date of conception for the '497 patent claims. Plaintiff provided Defendants with an opportunity to inspect the alleged originals, and has stated it will produce those alleged originals for the Court's inspection. However, Plaintiff does **not** intend to move those originals into evidence. Rather, it seeks to admit unclear photocopies that conceal questionable and relevant modifications made to the pencil-drawn originals.

Plaintiff cites Federal Rule of Evidence 1003 as the basis for admission of the photocopies. However, Rule 1003 states that "[a] duplicate is admissible to the same extent as the original **unless** a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." (Emphasis added). Here, there are genuine issues about the original's authenticity, and the

circumstances make it unfair to admit the duplicate.

Although it is not apparent from the photocopies of Exhibits 116,118, and 120, it is readily evident from the originals that many of the dates and content of Mr. Komarek's drawings were repeatedly supplemented, erased and replaced with new dates and new content. In some cases, the dates were erased and changed so many times that holes in the paper were formed. CIS admits that Mr. Komarek's pencil-drawn circuit diagrams were repeatedly altered. Mr. Fujioka testified by video yesterday as follows:

> **Q.** Mr. Fujioka, this practice that you say Mr. Komarek had of sometimes erasing a date on a document when he made changes to what was in the document and putting in a new date, did anybody else at CIS follow that practice also or was that just Mr. Komarek's practice?
>
> **A.** At least I know his unique way of doing things.
>
> **Q.** That was a unique way that he had of doing things?
>
> **A.** He's the only one.

*See also* Trial Transcript, Day 3, Vol. II, p. 43-45 (Cross-Examination of J. Komarek).

Furthermore, the Advisory Committee notes to Rule 1003 state that "[o]ther reasons for requiring the original may be present when only a part of the original is reproduced and the remainder is needed for cross-examination or may disclose matters qualifying the part offered or otherwise useful to the opposing party." (Citing *United States v. Alexander,* 326 F.2d 736 (4th Cir. 1964). That reason exists here. The photocopies mask all of the modifications made by Mr. Komarek to not only the date, but also to the content of the drawings in question. The photocopies Plaintiff seeks to admit are not clear. It is difficult to impossible to determine from the photocopies whether and to what extent changes were made to the drawings. It would be unfair to Defendants to admit the photocopies, thereby preventing the Jury from seeing the extent to which the drawings and dates were changes.

Most troubling is the fact that the originals show that Mr. Komarek did not

follow a practice of updating the date of his drawings when changes were made. This is evident from the first drawing offered as part of Exhibit 216. Below on the left is the photocopy offered by Plaintiff, and below on the right is a photograph of the original. As the Court will note, the duplicate and the original bear the same date, but the content is different. The original has been altered (text has been both added and erased - highlighted in yellow), but Mr. Komarek did not update the date of the document:



This is only one example of many where the original differs from the photocopy offered into evidence by CIS. *See also* Exh. 216 at (duplicates missing dates that are present on the alleged originals, duplicates having dates and content that differ from the alleged originals).

**B.   Plaintiff was unable to locate the original drawings for several pages of Exhibits 216 and 218**

With respect to pages 6 (CIS00028860), 8 (CIS00028864), 18 (CIS00028872),

19 (CIS00028873), 21 (CIS00028875), 22 (CIS00028876), 23 (CIS00028877), 24 (CIS00028878), 25 (CIS00028879), and 26 (CIS00028880) of Exhibit 216, Plaintiff was apparently unable to locate an original. The alleged original provided for inspection by Defendants was just another photocopy. To the extent that the original is "lost or destroyed", the exception of Fed. R. Evid. 1004(a) does not apply because there is substantial evidence that the documents were lost or destroyed in bad faith.

Mr. Fujioka admitted at trial (by impeachment) that "a lot of the original documents pertaining to work Komarek did and other at CIS did in 1988 and '89 were destroyed in 2006 when [CIS] moved." *See* Trial Transcript, Day 3, Vol. II, p. 67 (see also Komarek's testimony at p. 44). Importantly, Mr. Komarek's "original documents" were destroyed during a period of time in which Plaintiff, admittedly, was anticipating litigation with Defendants and had a duty to preserve documents. Indeed, counsel for CIS represented on the record that CIS was anticipating litigation with Defendants at least as early as 1994. *See* Komarek Deposition at 159-60 (Dec. 1, 2010):

> **MR. VARE:** It is our position that CIS retained Mr. Bernt as a consultant in anticipation of litigation in 1994, and that these handwritten notes reflect his work product on behalf of the party, CIS.
>
> . . .
>
> **MR. O'CONNOR:** That's your position, Todd? You say in anticipation of litigation?
>
> **MR. VARE:** Yes. We have established that on the record.
>
> **MR. O'CONNOR:** So they were anticipating, at least, suing Macronix in 1994?
>
> **MR. VARE:** They anticipated potential litigation.
>
> **MR. O'CONNOR:** Against Macronix in 1994?
>
> **MR. VARE:** Against Macronix and Nintendo.
>
> **MR. O'CONNOR:** In 1994?

1       **MR. VARE:** In 1994.

2 Moreover, Mr. Komarek filed a declaration in this case stating his belief from 1997 up
3 and until 2009 that Defendants were infringing his '497 patent. *See* Trial Exhibit 773:

> 9. In 1997, CIS considered bringing a patent infringement lawsuit against MXIC based on the '497 patent but did not communicate that to MXIC or anyone else, including NCL.
>
> 10. CIS' belief in 1997 when considering that patent infringement lawsuit was that MXIC was using the ROM design in Figure 8 of the MXIC '389 patent, which CIS believed infringed its '497 patent by using the Figure 7 embodiment. This was the same belief CIS had in 1993, 1994, 1995, and 1996. This belief continued until 2009 based upon the information that CIS had received during the previous years—the Ricoh chip study (Ex. 37), the MXIC '389 Patent, and the statements by Defendants (NCL and MXIC) as to the type of ROM that MXIC would sell or was selling to NCL. CIS did not have any basis to believe that Defendants were not using the Macronix Patented Design. CIS also had no basis to believe that Defendants were using any other design of the '497 patent, including any variation of the design of Figure 9 of the '497 patent (*i.e.*, the designs relevant to this lawsuit). CIS never communicated any threat to sue in 1997.

For these reasons, pages 6 (CIS00028860), 8 (CIS00028864), 18 (CIS00028872), 19 (CIS00028873), 20 (CIS00028874), 21 (CIS00028875), 22 (CIS00028876), 23 (CIS00028877), 24 (CIS00028878), 25 (CIS00028879), and 26 (CIS00028880) of Exhibit 216 and pages 1-2 (CIS00047045-46) of Exhibit 218 should not be admitted into evidence.

## II.   MR. KOMAREK DID NOT PROPERLY AUTHENTICATE EXHIBIT 216, 218, OR 220.

CIS contends that Exhibits 216, 218, and 220 were properly authenticated. In particular, CIS argues that "[t]he author of the documents, Mr. Komerek [sic], testified that he recognized *all* the drawings, he identified them as his ROM design drawings, and further testified that he remembered creating them . . . " Dkt. 490 at 3 (emphasis added). However, Exhibit 216 is a 26 page document, and Mr. Komarek was only

shown page 6 of that Exhibit. *See* Trial Transcript, Day 3, Vol. II, p. 37. Mr. Komarek did not testify that he recognized or remembered created any other drawing in Exhibit 216. Likewise, Exhibit 218 comprises two pages and Mr. Komarek was not shown both pages. *Id.* at p. 36.

Most importantly, Mr. Komarek did not authenticate the dates of any of the drawings in Exhibits 216, 218, 220. Indeed, Mr. Komarek was not asked whether he remembered creating the drawings on the dates reflected in the drawings, or that he believed the dates were correct. *Id.* at pp. 36-42. Mr. Komarek testified that he had a general practice of updating the dates when changes were made to the drawings, but the documents themselves reflect that Mr. Komarek did not follow that practice. Indeed, one example is described above, where Mr. Komarek made several significant changes to the original of the first page of Exhibit 116, without updating the date of the document. Such a failure to update the date would not work, as Plaintiff contends, to the advantage of Defendants, but rather would make it appear if Mr. Komarek had conceived of his invention on an earlier date than he allegedly did.

## III.   MOST OF EXHIBIT 216 IS IRRELEVANT

The circuit at issue in this case is the memory array circuit. Nevertheless, Plaintiff seeks to admit Mr. Komarek's sketches of *other circuits* without showing that they have anything to do with the memory array circuit. Those irrelevant circuits include the "Sense Amp Trigger Circuit", the "Output Buffer", the "Sense Amp", the "Word Line Pre Code", the "Y Decode", and many others. Only two pages of Exhibit 216 are relevant and pertain to the memory array circuit; those include page 6 (CIS00028860), 10 (CIS00028864), 19 (CIS00028873), and 20 (CIS00028874). As stated above, however, Plaintiff has the original for pages 10 and 20, but refuse to enter the original. Plaintiff does not have the original for pages 6 or 19, but the evidence shows that the originals no longer exist due to CIS' bad faith.

## IV. CONCLUSION

For the foregoing reasons, Defendants object to the admission of Exhibits 216, 218, and 220 into evidence.

Dated: March 12, 2014            Respectfully submitted:

**BAKER & McKENZIE LLP**

By: /s/ Daniel A. Tallitsch
   Daniel A. Tallitsch

Attorneys for Defendants Nintendo of America Inc., Nintendo Co., Ltd., and Macronix International Co., Ltd.