D. James Pak (SBN 194331)
**Baker & McKenzie LLP**
Two Embarcadero Center, 11th floor
San Francisco, California 94111
Telephone: + 1 415 576 3000
Facsimile: +1 202 416 7033
D.James.Pak@bakermckenzie.com

Daniel J. O'Connor (admitted *pro hac vice*)
Edward K. Runyan (admitted *pro hac vice*)
Daniel A. Tallitsch (admitted *pro hac vice*)
**Baker & McKenzie LLP**
300 E. Randolph Street
Chicago, IL 60601
Telephone: +1 312 861 8000
Facsimile:  +1 312 925 7153
Daniel.O'Connor@bakermckenzie.com
Edward.Runyan@bakermckenzie.com
Daniel.Tallitsch@bakermckenzie.com

Attorneys for NINTENDO OF AMERICA INC., NINTENDO CO., LTD., AND MACRONIX INTERNATIONAL CO., LTD.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CREATIVE INTEGRATED SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NINTENDO OF AMERICA INC.; NINTENDO CO., LTD.; and MACRONIX INTERNATIONAL CO., LTD.,<br><br>Defendants. | **Case No. 2:10-CV-2735 PA (VBK)**<br><br>**DEFENDANTS' RESPONSE & OBJECTION TO PLAINTIFF'S MOTION TO ADMIT EXHIBIT 24**<br><br>Pretrial Conference: February 14, 2014<br><br>Trial: March 4, 2014<br>Courtroom: 15<br><br>Judge: Hon. Percy Anderson |

Defendants, Nintendo of America Inc., Nintendo Co., Ltd., and Macronix International Co., Ltd. ("Defendants") submit this Response & Objection to Plaintiff's Motion to Admit Exhibit 224 (Dkt. 491).

For the first time, Plaintiff argues that Exhibit 224 is important because it contains independently significant annotations that corroborate the date of the invention. *See* Mot., 4:14-18. What Plaintiff omits from its Motion, however, is the evidentiary significance of those annotations. They are inadmissible hearsay statements to which no hearsay exception exists.

### A.   Exhibit 224 is Hearsay and Not Admissible

There is no dispute that the annotations were made by a non-party. Plaintiff admits that the annotations (in red) contained in Exhibit 224 were not made by Mr. Komarek or anyone at CIS. *See* Mot., 2:7-8; 4:14-16. Plaintiff also represents that they seek to admit those annotations to "corroborate the date of invention" (*i.e.*, to prove the truth of the matter asserted – the date of invention). *Id.* The annotations are hearsay statements pursuant to Federal Rule of Evidence 801(c). No exception to the hearsay rule applies.

Exhibit 224 is remarkable because it contains several pages of Mr. Komarek's handwritten drawings and other annotations that are not attributable to Mr. Komarek (indicated in red). There is no evidence in the record to show who made those annotations. Contrary to Plaintiff's representation, Mr. Fujioka could not identify the source of those annotations:

> Q. Can we turn to 224, page 6. Do you have page 6 in front of you sir?
> A. Yes.
> Q. Do you recognize this drawing?
> A. Yes.
> Q. Is this one of yours?
> A. This is one of the Jim's.

| | | |
|---|---|---|
| 1 | Q. | Do you recognize Mr. Komarek's handwriting? |
| 2 | A. | Yes. |
| 3 | Q. | Could we enlarge the lower right quadrant of this |
| 4 | | document.  There are some annotations in the lower |
| 5 | | right-hand corner of this document, Sir.  Do you see |
| 6 | | those? |
| 7 | A. | Yes. |
| 8 | Q. | They're in red? |
| 9 | A. | Yes. |
| 10 | Q. | Do you recognize the annotations? |
| 11 | A. | Yes. |
| 12 | Q. | Can you tell me what they are? |
| 13 | A. | Some Japanese -- some Japanese engineer check the |
| 14 | | Jim's work to verify the transistor fit size, dated |
| 15 | | March 13th '89.  Oh, thank you. |

Trial Tr. (3/7/14) Vol. II, 58:2-23.  Only in its Motion, does Plaintiff state that "some Japanese engineer" is an employee of Ricoh.  *See* Mot. at 2:7; 4:14-16.  Moreover, none of Plaintiff's witnesses offered testimony that those engineers "sometimes dated their annotation." *Id.* at 4:15-16.  To the extent Plaintiff now claims they are annotations made by Ricoh, it has not offered any evidence to support that claim.  Those annotated pages can be found at Exhibit 224 at pages 005-13; 15-24; 27-35; 38; 55-56; 59; 61; 63-65; 79; 89-90; 101-03; 105; 109; 111; 114-17; 124; 126; 131-33; 137; 142; 144-45; 149-50.

    **B.**    **Plaintiff Offers No Reason Why the Annotations Are Not Hearsay**

    Plaintiff's attempt to apply the exceptions to hearsay on the bases that the documents are: (1) relevant; (2) "a mental issue"; and (3) "evidence of the regularly conducted activity of CIS" is misdirected. Mot., pp. 4:21-13.

    **1.**    **The purported relevance of the documents to Plaintiff does not**

**overcome a hearsay objection**

The purported relevance of a document does not qualify as an exception to hearsay and Plaintiff cites no authority to the contrary. Instead, the Plaintiff argues erroneously that documents containing hearsay are somehow admissible because they are relevant to Plaintiff's claim of conception. *See* Mot., p. 4:2-5:2. Whether Plaintiff is required to corroborate its evidence of conception is an issue independent of the document's admissibility.

Even if corroboration were the touchstone for admissibility, which it is not, Plaintiff concedes that evidence of corroboration is required as a matter of law. Mot., p. 2:8-10 ("Third-party corroboration of the dates of the designs, [is] an important piece of evidence in a question of patent invention."). They are correct. As courts in this district have recognized:

> Indeed, proof of an alleged inventor's conception and reduction to practice is a heavy one and requires full corroboration by <u>other than the inventor's own self-serving testimony or records</u>.

*Aspex Eyewear, Inc. v. Revolution Eyewear, Inc.*, No. 99-1623, 2001 U.S. Dist. LEXIS 25830, at *18 (C.D. Cal. June 4, 2001) (internal quotations omitted) (emphasis added) (attached as Ex. A). The authority relied upon by Plaintiff supports this proposition. In both *Shu-Hui Chen v. Bouchard*, 347 F.3d 1299 (Fed. Cir. 2003) and *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572 (Fed. Cir. 1996), the Federal Circuit acknowledged the inherent unreliability of an inventor's claim of conception dates. *Mahurkar*, 79 F.3d at 1577 (noting the rule of corroboration stems from the "concern that inventors testifying in patent infringement cases would be tempted to remember facts favorable to their case by the lure of protecting their patent or defeating another's patent."). These cases only highlight the reasons why Plaintiff must meet the

evidentiary requirements to overcome hearsay.[1]

### 2. The annotations do not qualify as "present-sense impression" exceptions to Rule 801

Plaintiff has not offered any testimony to support an argument that Exhibit 224 reflects either Mr. Komarek's or the unknown Japanese engineer's state of mind. Neither the annotations nor Mr. Komarek's pencil drawings fall within the present sense impression exception to hearsay (Federal Rule of Evidence 803(3)).  Rule 803(3) does not apply to "a statement of memory or belief to prove the fact remembered or believed."  FED. R. EVID. 803(3).  Plaintiff plainly intends to offer Mr. Komarek's drawings to prove that Mr. Komarek made the drawings, not Mr. Komarek's state of mind.  Similarly, Plaintiff intends to use the annotations by an unknown "Japanese engineer" to corroborate Mr. Komarek's testimony regarding the conception date, not to prove that Japanese engineer's state of mind.  *See* Mot., p. ____.  With regard to the annotations, Plaintiff also have not offered any testimony to even try to establish a present-sense impression.

Furthermore, the drawings (the out-of-court statement) must be "nearly contemporaneous with the conception date (the incident) and made with little chance for reflection.  *Oracle U.S.A. v. SAP AG*, No. C-07-1658, 2012 U.S. Dist. LEXIS 107147, at *21 (N.D. Cal. July 31, 2012), *citing U.S. v. Hieng*, 679 F.3d 1131, 1147-48 (9th Cir. 2012).  Mr. Komarek and Mr. Fujioka both testified that the drawings in Exhibit 224 were drafted in pencil and subsequently altered.  [CITE].  In fact, the very issue that Defendants have raised -- that the documents are inherently unreliable because Mr. Komarek changed the dates several times -- precludes the application of Rule 803(3).

---

[1] Plaintiff's Motion ignores that several of the drawings in Exhibit 224 bear the name "Tanner."  Those drawings have not been authenticated and have not been established to be business records.  *See* Exhibit 224 at pages 118;-119.  Exhibit 224 at pages 159-194 contain no designations as to an author nor are they dated.

### 3. The documents in Exhibit 224 are not business records as contemplated by Rule 803(6)

Plaintiff entirely ignores that the drawings with annotations cannot qualify as "records of regularly conducted activity" under Rule 803(6). *First*, Plaintiff could not identify the person(s) who made the annotations. Trial Tr. (3/7/14) Vol. II, 58:2-23 (identifying the person(s) making the annotations as "some Japanese engineer."). *Second*, Plaintiff cannot satisfy the temporal requirement of Rule 803(6). *Third*, Plaintiff has not offered any evidence or testimony that the annotations were made in the regular course of business. Of course, they would not meet this criteria in any event, since they were not made by any CIS employee. Thus, documents containing the annotations are inadmissible hearsay.

Even absent the annotations, the drawings do not fall within the Rule 803(6) exception. Rule 803(6) requires that "neither the source of information nor the method of circumstances of preparation indicate a lack of trustworthiness." FED. R. EVID. 803(6). The fact that the dates of the drawings were made in pencil and have been erased and changed are significant facts that call the trustworthiness of the documents into question. They simply don't have the indicia of reliability that accompanies business records subject to the hearsay exception of Rule 803(6).

### C. The Best Evidence Rule Applies

#### 1. CIS should not be permitted to enter duplicates under Rule 1003.

The best evidence rule, Federal Rule of Evidence 1002, applies "if the event is sought to be proved by the written record." Advisory Committee Notes, FED. R. EVID. 1002. Plaintiff seeks to prove the conception date through these documents, and therefore Plaintiff must produce original documents under Rule 1002. Plaintiff has failed to produce the original documents for Trial Exhibit 224 at pages 001-025; 027-032; 034; 036-041; 043-046; 049-063; 065-071; 074-076; 078-099; 101-106; 108-116; 120-134;136-137; and 140-158.

Rule 1003 permits duplicates to be entered into evidence unless a genuine questions exists as to the original's authenticity or the circumstances make it unfair to admit the duplicate. Here, a genuine issues does, in fact, exist with respect to the authenticity of these documents and specifically with respect to the dates written on the document. The dates on the drawings were allegedly made is in pencil and has repeatedly been erased and rewritten. For example, in several instances, the date on the copy document differs from that on the original. *See* Exhibit 224 at pages 107 (the original has a hole in the date); 117-118; 138-139.

Moreover, fairness does not permit entry of the duplicates. As stated in Defendants' response to Plaintiff's motion to admit Exhibits 116, 118, and 120 (Dkt. 492), Komarek's drawings were repeatedly supplemented, erased and replaced with new dates and new content. In some cases, the dates were erased and changed so many times that holes in the paper were formed. And, CIS admits that Mr. Komarek's pencil-drawn circuit diagrams were repeatedly altered. Moreover, the photocopies Plaintiff seeks to admit are not clear. It is difficult to impossible to determine from the photocopies whether and to what extent changes were made to the drawings. It would be unfair to Defendants to admit the photocopies, thereby preventing the Jury from seeing the extent to which the drawings and dates were changes.

**2.     CIS should not be permitted to enter duplicates under Rule 1004.**

With respect to the 196 total pages of drawings in Exhibit 224, Plaintiff was apparently unable to locate an original except for a handful of documents. Indeed, most of the alleged originals provided for inspection by Defendants were just more photocopies. To the extent that an original is "lost or destroyed", the exception of Fed. R. Evid. 1004(a) does not apply because there is substantial evidence that the documents were lost or destroyed in bad faith.

Mr. Fujioka admitted at trial (by impeachment) that "a lot of the original documents pertaining to work Komarek did and other at CIS did in 1988 and '89 were

destroyed in 2006 when [CIS] moved." *See* Trial Transcript, Day 3, Vol. II, p. 67 (see also Komarek's testimony at p. 44). Importantly, Mr. Komarek's "original documents" were destroyed during a period of time in which Plaintiff, admittedly, was anticipating litigation with Defendants and had a duty to preserve documents. Indeed, counsel for CIS represented on the record that CIS was anticipating litigation with Defendants at least as early as 1994. *See* Komarek Deposition at 159-60 (Dec. 1, 2010):

> **MR. VARE:** It is our position that CIS retained Mr. Bernt as a consultant in anticipation of litigation in 1994, and that these handwritten notes reflect his work product on behalf of the party, CIS.
>
> . . .
>
> **MR. O'CONNOR:** That's your position, Todd? You say in anticipation of litigation?
>
> **MR. VARE:** Yes. We have established that on the record.
>
> **MR. O'CONNOR:** So they were anticipating, at least, suing Macronix in 1994?
>
> **MR. VARE:** They anticipated potential litigation.
>
> **MR. O'CONNOR:** Against Macronix in 1994?
>
> **MR. VARE:** Against Macronix and Nintendo.
>
> **MR. O'CONNOR:** In 1994?
>
> **MR. VARE:** In 1994.

Moreover, Mr. Komarek filed a declaration in this case stating his belief from 1997 up and until 2009 that Defendants were infringing his '497 patent. *See* Trial Exhibit 773:

9. In 1997, CIS considered bringing a patent infringement lawsuit against MXIC based on the '497 patent but did not communicate that to MXIC or anyone else, including NCL.

10. CIS' belief in 1997 when considering that patent infringement lawsuit was that MXIC was using the ROM design in Figure 8 of the MXIC '389 patent, which CIS believed infringed its '497 patent by using the Figure 7 embodiment. This was the same belief CIS had in 1993, 1994, 1995, and 1996. This belief continued until 2009 based upon the information that CIS had received during the previous years—the Ricoh chip study (Ex. 37), the MXIC '389 Patent, and the statements by Defendants (NCL and MXIC) as to the type of ROM that MXIC would sell or was selling to NCL. CIS did not have any basis to believe that Defendants were not using the Macronix Patented Design. CIS also had no basis to believe that Defendants were using any other design of the '497 patent, including <u>any</u> variation of the design of Figure 9 of the '497 patent (*i.e.*, the designs relevant to this lawsuit). CIS never communicated any threat to sue in 1997.

For these reasons, the duplicates of Exhibit 224 should not be entered into evidence.

### D. Plaintiff Now Inexplicably Argues That The Originals Are Now Copies

Plaintiff now represents that Exhibit 224 is a copy: "224 itself is a copy because 224 was created as a copy in 1989 to give to Ricoh. And so it is actually offered for a different reason and that is corroboration of the date, because Ricoh puts a date on there in March of '89 that corroborates the earlier dates." Trial Tr. (3/11/14) Vol. II, p. 8:22-9:1. Plaintiff cannot offer Exhibit 224 without having offered any testimony from Ricoh to authenticate its receipt and annotations. The writings of a "third party" may be "independently significant" for Plaintiff, but such writings are inadmissible hearsay.

### E. Plaintiff Has Not Showed That the Documents are Relevant

The circuit at issue in this case is the memory array circuit. Nevertheless, Plaintiff seeks to admit Mr. Komarek's sketches of *other circuits* without showing that they have anything to do with the memory array circuit. Those irrelevant circuits

include the "Sense Amp Trigger Circuit", the "Output Buffer", the "Sense Amp", the "Word Line Pre Code", the "Y Decode", and many others. Only a few out of the 194 pages of Exhibit 224 are relevant and pertain to the memory array circuit; those include page 6, 17, 36, 50-51, 83, 84, and 95-98. As stated above, however, Plaintiff has the original for some of those pages, but refuses to enter the original. Plaintiff appears to no longer have the original for others. To the extent Plaintiff does not have any originals, the evidence shows that the originals no longer exist due to CIS' bad faith.

### F.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Objection to Defendants' Fact Witness Proffers.

Dated: February 28, 2014            Respectfully submitted:

**BAKER & McKENZIE LLP**


By: /s/ Daniel A. Tallitsch_____
     Daniel A. Tallitsch

Attorneys for Defendants Nintendo of America Inc., Nintendo Co., Ltd., and Macronix International Co., Ltd.