D. James Pak (SBN 194331)
**Baker & McKenzie LLP**
Two Embarcadero Center, 11th floor
San Francisco, California 94111
Telephone: + 1 415 576 3000
Facsimile: +1 202 416 7033
D.James.Pak@bakermckenzie.com

Daniel J. O'Connor (admitted *pro hac vice*)
Edward K. Runyan (admitted *pro hac vice*)
**Baker & McKenzie LLP**
300 E. Randolph Street
Chicago, IL 60601
Telephone: +1 312 861 8000
Facsimile:   +1 312 925 7153
Daniel.O'Connor@bakermckenzie.com
Edward.Runyan@bakermckenzie.com

Attorneys for NINTENDO OF AMERICA INC., NINTENDO CO., LTD., MACRONIX AMERICA, INC., AND MACRONIX INTERNATIONAL CO., LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CREATIVE INTEGRATED SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NINTENDO OF AMERICA INC.; NINTENDO CO., LTD.; and MACRONIX INTERNATIONAL CO., LTD.,<br><br>Defendants. | **Case No. 2:10-CV-2735 PA (VBK)**<br><br>**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW OF PLAINTIFF'S FAILURE TO CORROBORATE A CONCEPTION DATE EARLIER THAN THE FILING DATE OF THE '497 PATENT**<br><br>Trial: March 4, 2014<br>Courtroom: 15<br><br>Judge: Hon. Percy Anderson |

Defendants Nintendo of America Inc., Nintendo Co., Ltd., and Macronix International Co., Ltd. ("Defendants") respectfully submit this memorandum in support of its motion for judgment as a matter of law ("JMOL") under Fed. R. Civ. P. 50(a) of Plaintiff's failure to corroborate a conception date earlier than the filing date of the U.S. Patent No. 5,241,497 patent (the '497 Patent) (i.e., June 14, 1990).

Under Rule 50(a), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 50(a)(1).

Where a party seeks to show conception though oral testimony of an inventor, it must produce independent evidence corroborating that testimony. *Aspex Eyewear v. Revolution Eyewear, Inc.*, 2001 U.S. Dist. LEXIS 25830, *18 (C.D. Cal. June 4, 2001) (citing *Purdue Pharma L.P. v. Boehringer Ingelheim, GMBH*, 237 F.3d 1359, 1365 (Fed. Cir. 2001)). "Proof of an alleged inventor's conception and reduction to practice is a heavy one and requires full corroboration by other than the inventor's own self-serving testimony or records." *Id.* See also *Brown v. Barbacid,* 276 F.3d 1327, 1335 (Fed. Cir. 2002) ("[I]ndependent evidence must corroborate Dr. Reiss' testimony of conception or actual reduction to practice. The Board did not err in holding that an inventor's own unwitnessed documentation does not corroborate an inventor's testimony about inventive facts."); *Lacks Indus. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1350 (Fed. Cir. 2003) (Addressing first the cross-corroboration of oral testimony, we conclude that the Special Master rightly refused to accept it as adequate. A review of the relevant case law reveals a clear requirement that such oral testimony by interested parties must be corroborated by documentary testimony. Starting with the Supreme Court's decision in *The Barbed Wire Patent Case*, 143 U.S. 275, 36 L. Ed. 154, 12 S. Ct. 443, 1892 Dec. Comm'r Pat. 299 (1882),

and ending with our recent decision in *Union Carbide v. Shell Oil Co.*, 308 F.3d 1167, 1189, 64 USPQ2d 1545, 1560 (Fed. Cir. 2002), courts have consistently required documentary corroboration of oral testimony by interested parties presented to invalidate a patent).

In this case, Plaintiff has failed to provide any evidence that would corroborate a conception date earlier than June 14, 1990, which is the earliest effective filing date of the '497 Patent.  *See* Ex. 1.  In particular, Mr. Minney testified that he had no recollection of the events that took place during the time frame of the alleged conception date.  With respect to Mr. Fujioka, Mr. Fujioka is an interested party, and Plaintiff has failed to provide any documents that would corroborate his oral testimony.  With respect to Mr. Komarek, proof of an alleged inventor's conception and reduction to practice is a heavy one and requires full corroboration by ***other than the inventor's own self-serving testimony or records***.  *Aspex Eyewear*, 2001 U.S. Dist. LEXIS 25830, *18 (C.D. Cal. June 4, 2001).

For the foregoing reasons, Defendants move for judgment as a matter of law of Plaintiff's failure to corroborate a conception date earlier than the filing date of the '497 patent.

Dated: March 12, 2014                    Respectfully submitted:

**BAKER & McKENZIE LLP**

By:  /s/ Daniel A. Tallitsch
         Daniel A. Tallitsch

Attorneys for Defendants Nintendo of America Inc., Nintendo Co., Ltd., and Macronix International Co., Ltd.