STEPHEN R. MICK (SBN 131569)
 stephen.mick@btlaw.com
DEVIN STONE (SBN 260326)
 dstone@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90076-3210
Telephone:   (310) 284-3880
Facsimile:    (310) 284-3894

TODD G. VARE (admitted *Pro Hac Vice*)
 todd.vare@btlaw.com
DONALD E. KNEBEL (admitted *Pro Hac Vice*)
 donald.knebel@btlaw.com
JEFF M. BARRON (admitted *Pro Hac Vice*)
 jeff.barron@btlaw.com
AARON STASER (admitted *Pro Hac Vice*)
 aaron.staser@btlaw.com
**BARNES AND THORNBURG LLP**
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone:   (317) 236-1313
Facsimile:    (317) 231-7433

Attorneys for Plaintiff CREATIVE INTEGRATED SYSTEMS, INC.

*List of counsel continued on the second page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| **CREATIVE INTEGRATED SYSTEMS, INC.,**<br><br>           Plaintiff,<br><br>    v.<br><br>**NINTENDO OF AMERICA INC.; NINTENDO CO., LTD.; MACRONIX AMERICA, INC.; and MACRONIX INTERNATIONAL CO., LTD.,**<br><br>           **Defendants.** | Case No. 2:10-CV-2735 PA (VBK)<br><br>**PLAINTIFF'S MOTION FOR A JURY INSTRUCTION REGARDING THE IRRELEVANCE OF DEFENDANTS' ASSERTIONS IN CLOSING ARGUMENT REGARDING PLAINTIFF'S ALLEGED DELAY**<br><br>Trial: March 4, 2014<br>Courtroom: 15<br>Judge: Hon. Percy Anderson |

Plaintiff Creative Integrated Systems, Inc. ("Plaintiff" or "CIS") respectfully requests that the Jury be properly instructed regarding the relevance of Defendants' assertions in closing argument that Plaintiff's alleged delay in filing this lawsuit should have a determinative impact on the issues that the Jury has been asked to decide.

Counsel for Defendants presented a lengthy closing argument that, at its heart, was focused on Defendants' allegation that Plaintiff improperly delayed in filing this lawsuit. This allegation is primarily—if not exclusively—relevant to the issues of laches and estoppel, which the Jury has *not* been asked to decide and which instead will be decided by the Court. By interjecting these irrelevant matters into their closing argument, Defendants invited the Jury to commit legal error by considering Plaintiff's alleged delay in filing suit as a factor in the issues that the Jury has been asked to decide. Among other things:

- The Jury has been asked to compare the '497 patent to written prior art references as part of Defendants' anticipation and derivation claims. The writings show what they show; any alleged delay in filing suit has nothing to do with the invalidity arguments presented to the Jury.[1]
- The Jury has been asked to decide infringement. Infringement is determined by comparing the claims of the '497 patent to the memory array designs produced by the Defendants relating to the accused ROM chips. Delay is irrelevant to infringement.
- The Jury has been asked whether Mr. Oishi was improperly omitted as an inventor of the '497 patent. Mr. Oishi has said he does not claim to be an inventor. Delay has nothing to do with whether Mr. Oishi was an inventor or not.
- The Jury has been asked to decide patent marking. Delay has nothing to do with patent marking.

---

[1] Although Defendants presented no obviousness case, the same hold true for this claim as well.

- The Jury has been asked to decide damages. Aside from the six-year limitation on recovering damages, which is already reflected in the Jury Instructions, the amount of damages does not depend on delay.

Defendants' arguments are improper. They are likely to mislead the Jury into believing that they should consider how long it took for the Plaintiff to file suit in determining infringement or calculating damages—factors entirely irrelevant to the issues that the Jury has to decide. Plaintiff respectfully requests a corrective instruction reminding the Jury to consider the disputes put before it on the merits, and that Plaintiff's alleged delay in filing suit may not be considered by the Jury. Thus, Plaintiff respectfully requests that the Court issue the following instruction:

> Any alleged delay in Plaintiff's decision to file this lawsuit is irrelevant to the issues that you have been asked to decide in this lawsuit. Any issues regarding the Plaintiff's delay in filing suit are for the Court to decide. You should determine the issues before you on their merits based on the evidence that you have seen and heard.

Plaintiff requests that the foregoing instruction be read at an appropriate time and manner when the Court reads its instructions to the Jury.

Dated: March 14, 2014

Respectfully submitted:

**BARNES & THORNBURG LLP**

By: */s/Todd G. Vare*
       TODD G. VARE
Attorneys for Plaintiff Creative Integrated Systems, Inc.

2